Good morning, your honor. My name is Danny Yadrin. I represent Jose Solis. I will try and reserve two minutes for rebuttal. Okay, thank you. Two of this court's cases require a remand for resentencing. First, Dominguez-Caicedo holds that the district court excluded a necessary comparator from its minor role analysis. And second, Diaz holds that the district court misinterpreted the guidelines. So first, to begin with the very recent decision in Dominguez-Caicedo, that case requires that the district court compare Mr. Solis, and I want to quote from the new opinion here, to the average of all of the individuals who participated in the offense, including those that the district court believed were leaders or organizers or who were otherwise highly culpable. That's at star 18 on Westlaw. And yet here, the district court repeatedly declined to consider the recruiter or organizer. This can be seen on pages 22, 32, and 71 of our excerpts of record. Thus, Mr. Solis' case must be remanded so that the district court can apply the law as clarified. Let me ask you a question about remand, because the judge in this case basically, and for those of us that have sentenced a lot of people throughout, I mean, I think judges sentence a bit globally from this standpoint. You know, you think about a person's record, you think about what they did, and you have sort of a sweet spot, and then you look at everything that's required. And the judge made the comment that he wasn't going to go any lower than he went anyway. Okay, that so there seems to be a bit of a futility on a remand because I feel like it's going to be 84 months again. But let me ask you this. If we did remand, isn't it possible that the district court could decide to impose a low-end guideline sentence that is actually greater than the one that Solis received here? So I hear two questions there, Your Honor, and I want to take them in turn. So the first one as to futility, and a remand would not be futile. And Dominguez-Caicedo shows that for three reasons. So there, like here, the district court made a similar comment and even tried to calculate the guidelines after the fact. But there were three facts that showed it wasn't a real second sentencing as the guideline requires. It was post hoc, it was conclusory, and in both cases the district court mentioned a few 3553A factors, and it came after a threat of appeal from defense counsel. And here you have the extra fact where the alternative guidelines calculation was erroneous. And then to your other question, Your Honor, as to whether or not on remand, in theory, Mr. Solis could be exposed to a guideline sentence that might be higher, that is certainly a risk any person takes in appealing. But the fact is, the district court... Well, I know you can't be punitive or anything along those lines, but sometimes the way the numbers shake out, it could be longer. And I wouldn't guess that your client would say thank you very much for a longer sentence after a remand. I suspect he would not, Your Honor, but we discussed the risks and benefits of appealing. Okay, so he knows. Yes, Your Honor. Okay. He might get more time the next time around, right? I would certainly hope not, Your Honor, and I think the equities may play a part. He might go to a different judge. I don't believe so. I mean, but if that's something Your Honors are considering, I'm happy to discuss. Okay, but your client knows that. That he might get more. Yes, he's aware of the risks of appeal. Okay, go ahead. I'm sorry. I derailed you. If Your Honors have no further questions about Dominguez-Caicedo, I can move on to how the district court misinterpreted the guidelines, if Your Honors wish to hear argument on that. So, well, I guess I do have a question about regarding Section 3B1.2's knowledge factor. Why couldn't the district court have inferred Solis was familiar with the scope of the criminal organization he was working for, given that he has tried to import drugs into the U.S. at least three times, and doesn't his extensive experience with importation crimes suggest that he wasn't just a mere pawn here? There are two reasons, Your Honor. First, the PSR stated, and no one disputed, that this was Mr. Solis' first time working with this organization. And regardless of what the district court could have inferred, there was no evidence here that Mr. Solis had any knowledge of this organization. And in fact, the district court stated that its basis of concluding that Mr. Solis had such knowledge was that he knew anything a mule would typically know in such a way. How inferential can it be from the standpoint that, because he's, according to his own statement, if we take that at value, is he's doing this because his girlfriend worked for the cartel and decided that she wanted to phase out, and they weren't happy about that, and apparently she owed some money, so he's doing it to work off her debt, right? Yes, Your Honor. And then you're saying this is a different cartel than the other one that he'd worked for before. I don't know how that all bodes well for him. Your Honor, I may have misspoke, or if I made this unclear, I apologize. So Mr. Solis does have prior drug charges, and those may have involved different organizations. But the nucleus of facts here, in which you're referring to the girlfriend and the house, and by the way which the district court said at ER 61 that it believes, that all involved the same organization. So I know that Judge Burns doesn't really care for mules and doesn't consider mules are ever pawns, I think, right? Is that... I would not be so bold to say what Judge Burns thinks in every situation, Your Honor. But he's been known to say that in the past, right? There have been other cases, such as United States against Rodriguez, in which this court has remanded Judge Burns for making such comments. Okay. If the panel has no further questions, I would happily save the rest of my time for rebuttal. Otherwise, I can address... Let me see, Duke. We don't, so go ahead and reserve. Thank you, Your Honor. Thank you. May it please the court. Daniel Zip on behalf of the United States. Good morning. Your Honor, remand is not required by the recent case in Dominguez-Caicedo. The error that the court remanded for in that case was that the district court took a higher level recruiter and removed it from the analysis altogether. This district court explicitly compared this defendant to the higher level recruiter and stated multiple times that it was considering all participants, including those that were more culpable. In addition to the extent that the court in Dominguez-Caicedo clarified the law with a sort of three-step procedure of calculating an error, and what the district court did here was essentially that same three-step procedure. It identified the entire universe of participants in the offense, of which there was sufficient evidence. In this case, that was only two participants, the recruiter and the person at McDonald's that was going to receive the drugs. The court then considered the five factors from the commentary and then compared this defendant to both the recruiter and to what little information it had about the person at McDonald's and ultimately concluded that he had not met his burden of showing that he was substantially less culpable. Can you please just point me to the pages of the record where the district court conducts that comparison? I think it is ER 32 is where he identified the two people. I don't have the, it's right around there is when he compared him to the recruiter explicitly. Well, let's say we said that the district court, I'm just asking to assume that there were some errors here. I mean, can you cite a case to, any case where we found harmless error where the district court's alternate guidelines calculations were wrong? I can't, Your Honor. It seems he got that wrong. But in reviewing the materials last night, it did occur to me that the district court actually did depart six levels when it reached the 110 month mark. The difference between the 110 and the 92 involved whether safety valve was applicable, which either party really discussed. So ultimately what the court did here was depart six levels, which is the accurate amount that it would have had this minor rule been granted. So I'm not sure that the court actually did error in its sort of alternate findings to get down to 110 months. And I apologize that was not clear from my briefs just in going through the numbers last night. It looks like the court did depart six levels. If the court had given this defendant a minor role, what kind of a range do we have here on the sentencing guidelines? Without safety valve, it would be 110 to 137 months. So that's much greater than what he got even with all this. Correct, Your Honor. And I think the holding from Dominguez-Caicedo, which held that it wasn't harmless because the court made the findings sort of at the conclusion, that certainly weighs against the finding of harmlessness here. But Munoz-Camarena, on which that case was based, has an alternate harmlessness finding for when the ultimate sentence is within the guidelines under both calculations. Here, the district court's ultimate sentence of 84 months was well below the guidelines with or without minor role. So given the court's statements that it would give it essentially give the same sentence with or without, and given the fact that that sentence was so far below either guideline range, we don't believe that it makes sense on these facts to send this back down to have the court essentially reimpose the same sentence. Well, let me ask you this. So my understanding is that you, if I get the burdens right, it would be the appellant's burden to show he's entitled to the reduction, right? Correct. But so if he, and you seem to argue that he didn't meet that burden. And so then if he doesn't meet that burden, then, but then there's, if there are errors, it's your burden to show that they're harmless. Is that right? Yes, that's correct. What about, there's a number of things that probably aren't exact model of clarity here, that given that the district judge did not specifically state that Solis would be subject to suspicionless search, what is your best argument that Solis was on notice that the district court might impose that condition under U.S. v. Reyes? Your Honor, I, he was, the court never mentioned that specific aspect of it. I think our only argument on that front is that it, the court made it clear all the reasons why it was imposing this once the defendant objected to the substance of the search condition being expanded as to the, from the probation officer to the law enforcement. And that the, as the court held in Watson, the defendant had an opportunity to object, to say that I need more time to consider this, or we should have been provided more notice in advance. But he didn't, he never objected to the all the reasons why the search condition was required here. But he then says, but I'm not going to let them harass you or something. He does. As in, you know, well, some people could say a suspicionless search would be harassing. So that's, isn't that where the confusion comes out? It's our position that that discussion that he had with the defendant was sufficiently ambiguous that it doesn't control over the written judgment. And here, even if there was an error in not providing further advance notice that it was considering this condition, given the fact that this defendant had 30 years of criminal history with 27 probation violations, and the district court made it very clear why this search condition was required here. And the defendant, it would not have affected the defendant's substantial rights had he received notice of this, even earlier in the hearing, which the court in Watson said is. That can easily be resolved by remand, and the court explain it one way or the other, right? It could, yes, Your Honor. When was the first time the defendant objected to that language? After it came on appeal or before appeal? It was after it came on appeal. He objected to the substance of the search condition being expanded from the probation officer to law enforcement, but he never objected to the lack of notice as to the change condition. And of course, he didn't object to the new language because that only came out in the written judgment. If Your Honor is, are considering remanding on that issue, we would just ask that the mandate make clear that that is the issue, that's sole issue on remand, so that essentially we don't have to redo the entire sentencing and have another appeal from the substance of it. Can, if, I asked appellant's counsel about, it seems to me he could get more, but the 84 months, is there, without any error, is there a way to get there? He could get more. I don't think that's very likely on the facts of this case, simply because the district court made it very clear that 84 months was the sentence with or without minor role. So, I suppose he could go higher, but that seems very unlikely. But again, it's our... But if he gave him the minor role, let's just say he did, if he went back and gave him the minor role, could he get to 84 months? He would still have to depart downward 24 months from the low end of the guidelines with minor role to get to 84. Well, and isn't it possible that if the district court correctly understood how the guidelines applied, that he could go lower than that? I mean, 92 is already, you're saying it's 110, but they're saying it's 92. 92 is pretty close to 84. I mean, could it be less than 84? It conceivably could be, but I think you have to look at what the district court actually said in this case. This is a district court who has very much experience with this area of the law, has been, you know, affirmed on appeal 100 plus times in unpublished decisions. He understands how the guidelines work, and he explicitly said that he would apply 84 months even if minor role applied. So, I think given that, and given the fact that under either range, this is well below what the guidelines would be, remand is not necessary in this case. There's a number of procedural challenges to the court's application. I'm happy to answer any questions the court has about them. We don't appear to have any additional questions. Thank you. Thank you for your argument. Thank you, your honors. There are four points I'd like to address. First, Mr. Solis gets the full benefit of Dominguez-Caicedo, which indeed clarified the law by its expressed terms while Mr. Solis's was pending on direct appeal. And I also want to make it clear here that the district court here did not comply with the process laid out in Dominguez-Caicedo. What it did is it excluded a participant, the recruiter, who it thought was above, whose culpability was above average. And to go through the three record sites I mentioned earlier, so ER 22, the district court acknowledges that the recruiter is more culpable than Mr. Solis, but notes that recruiters are, quote, not above average participants. ER 32, the court acknowledges that Mr. Solis is less culpable than the recruiter, but then says that doesn't advance the minor role argument because I'm to compare him to average participants. And finally, at page 71, the court defined the universe of people that would play a role in its minor role analysis and made it clear that the recruiter was not in it. It did so when noting that there are two other likely participants in the scheme, one person who's not an average participant, and then this other person, apparently waiting at a McDonald's in San Ysidro, about whom the district court did not know much about. And then the district court said that Mr. Solis could not get minor role because he is not, quote, substantially less culpable than this guy I know very little about, that is the man waiting in San Ysidro. In other words, the court declined to consider whether Mr. Solis was substantially less culpable than an average that included the recruiter, that is the exact same error as Dominguez-Caicedo. Second, this court has repeatedly held that a guideline error can be prejudicial even when the resulting sentence is below both the correct and incorrect guidelines range. To take just two cases from our briefing, you have Herrera-Rivera and Flores. That's at pages 1175 for Herrera-Rivera and Flores is at 1042. Third, your honors asked if there is a case in which this court has held a guidelines error harmless when the alternative calculation was erroneous. I am not aware of any. And finally, if the court reaches the conditions of supervised release issue, Watson is completely inapt and it is inapt because there the defendant was aware of the substance of the condition and did not challenge notice. Mr. Solis did not learn he would be subject to suspicionless searches on supervised release until the written judgment was posted on the docket. He simply could not have objected at the hearing. But if your client wins this, there's not much chance he'll be below 84 months, is there? I mean, just as a practical thing, he'd like to win, but he's not going to win the whole shebang, right? He will certainly get a substantial sentence, no doubt. But even if it's 84, that would still could bring the whole sentence down to what he got now. So he got a global sentence of 108 months. And both he and the So he got substantially extra time in prison than either party recommended. With that amount of time, if your honors have no further questions, I'd like to thank you for the opportunity. We don't have any additional questions. Thank you both for your argument. This matter will stand submitted. The court's in recess until tomorrow at 9 a.m. Thank you both for your time. This court for this session stands adjourned.
judges: Siler, CALLAHAN, THOMAS